The People of the State of New York, Respondent, v Theodore Granger, Appellant.

Second Department, September 21, 1981

**APPEARANCES OF COUNSEL**

*Gianelli & Hughes (Paul Gianelli* of counsel), for appellant.

*Patrick Henry, District Attorney (John G. Poli* of counsel), for respondent.

**OPINION OF THE COURT**

Thompson, J.

The defendant Granger and three others invited two young women and a man into their van about 1 o'clock on a morning in July, 1979. Upon entering, the three saw one of defendant's friends holding a rifle. One woman and the man, after scuffling, were able to escape from the van. The other young woman was held in the van. Her four captors drove off, holding her at gunpoint, threatening her with death and striking her. While the van was being driven, the young woman was raped repeatedly and sodomized. When the van was parked, the driver joined in the ravishment. The record before us is unclear as to whether all four raped her or whether only three raped and the fourth only abused or sodomized her. Meanwhile, the police had been

notified and had transmitted an alarm. The van was located at its parking spot, surrounded, and the defendant and his three cohorts were apprehended. The victim was hospitalized. She has recovered, but still has bald spots where she lost parts of her hair and scalp.

A Grand Jury handed down a 26-count indictment with charges of first degree rape, first degree sexual abuse, first degree sodomy, kidnapping, third degree assault and menacing. Two of the defendants were convicted after trial and sentenced to prison terms of 5 to 15 years and 6 2/3 to 20 years, respectively. The third pleaded guilty and was sentenced to a term of 4 to 12 years.

This defendant also pleaded guilty — to first degree rape. Although he admitted at the plea allocution that the actions were taken against the victim's will and without her consent, when the court, in clarification, asked, "Was she forced to have sexual relations?" Granger explained, "She wasn't forced with me. You know, I just got on." He was eventually sentenced to an indeterminate sentence of 4 to 12 years.

He now appeals the alleged excessiveness and harshness of the sentence. In support he states his present age of 20 years (he was 18 at the time of the rape), his prior record showing only one conviction for criminal trespass (third degree), his attainment of a high school equivalency diploma by attending night school (probation officers were unable to verify the diploma), his "strong family", his cooperativeness in interviews (apparently with probation officers) and his realization of the "seriousness" of the offense. Because of these factors, this court is requested to reduce his sentence — in the interest of justice. There should be an affirmance.

The defendant's arguments for a lesser sentence are familiar arguments to this court and to every Judge who has sat on a criminal case. They are, as suggested, far from novel. They are not particularly persuasive. By law, an individual is an adult and accountable as an adult when he or she reaches the age of 18. Teenagers' demands for adult status cannot be forgotten when a crime has been committed; responsibility must accompany rights. Defendant's

alleged education would not seem a reason to mitigate his sentence; rather, as a person with some education, he should have been better able to appreciate the consequences of his actions. His limited prior record kept him from being sentenced as a predicate felon. It is not clear that this factor should have special, added weight in determining his sentence. His "strong family" did not prevent his involvement in the rape, and it is not the rest of the family who are before us. His co-operation is commendable and no doubt influenced the Sentencing Judge but there is no reason why it should influence this court more than it influenced the sentencing court. Finally, while defendant's appreciation of the gravity of the offense should help him to understand the justification for the sentence imposed, it does not constitute a basis for reduction of the sentence.

In sum, the arguments on this appeal have little merit. What persuasive value they had has already influenced the Judge who imposed the sentence. There is little, if any, reason to raise them before this court. They certainly do not influence us or give us reason to reduce the sentence in the interest of justice.

Rape, whether characterized as a crime of sexual aggression or of violence, is an ugly crime. The multiple rape-sodomy in the instant case is particularly repulsive. Recognizing the gravity of the crime of rape in the first degree, the Legislature has set forth a range of sentences for the crime. Granger could have been sentenced to a term of 8 1/3 to 25 years. The sentence in the instant case is less than half of that. After reading the record, there is no way in which this sentence can be characterized as harsh or excessive. This court cannot forget the victim: raped, abused, sodomized, assaulted and threatened with death as she lay in a van with her hair ripped from her scalp by her four attackers.

HOPKINS, J. P., concurs with THOMPSON, J.; RABIN and O'CONNOR, JJ., concur in the result.

Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Suffolk County, imposed April 23, 1980.

Sentence affirmed.