■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY ANTHONY, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered April 12, 1989, convicting defendant after a jury trial of one count of robbery in the first degree, and two counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of eight to sixteen years, and three to six years, respectively, unanimously affirmed.

Defendant and his co-defendant were convicted for the daylight robbery of the victim in the Times Square area. Defendant's culpability on an acting in concert theory was a jury issue *(see, People v Windley,* 78 AD2d 55, 56), and we conclude that his intent to aid his co-perpetrator in committing this crime was established beyond a reasonable doubt *(see generally, People v Brathwaite,* 63 NY2d 839).

Defendant's challenge to the prosecutor's leading questions during direct examination of the victim, who inadvertently switched the names of the defendants while testifying with respect to one stage of the robbery, is unpreserved for review as a matter of law (CPL 470.05 [2]), and we decline to review in the interest of justice. Defendant's challenge to the legal sufficiency of the evidence with respect to the first degree robbery count (Penal Law § 160.15 [3]; § 10.00 [13]) is meritless. The victim testified that the defendant held a sharp pointed object, which was 8 to 10 inches long, against his throat, while threatening to cut it like a "razor." This object, under the circumstances in which it was threatened to be used, was readily capable of causing death or serious physical injury. *(See generally, People v Carter,* 53 NY2d 113, 116.) Defendant's challenge to the introduction of his statements is without merit. Both statements were uttered voluntarily and spontaneously by the defendant, and were not prompted by any police interrogation. The court curtailed the prosecutor's attempt to elicit testimony from the victim concerning his ability to identify the defendant by his voice. On appeal, defendant casts the issue in terms of the prosecutor's failure

to give notice of an intention to use such identification evidence. While we note that the due process considerations of CPL 710.30 apply to voice identifications *(see, People v Collins,* 60 NY2d 214, 218), the record shows that defense counsel was made aware of the possible use of a "voice" identification in open court. Thus, we cannot conclude that the trial court abused its discretion in denying the motion for a mistrial *(see, People v Ortiz,* 54 NY2d 288, 292).

We have examined defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Carro, Kupferman and Smith, JJ.