■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONDI CRADLE, Also Known as DONDI CREDLE, Appellant.— Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered April 12, 1989, convicting defendant after jury trial of one count of robbery in the first degree and two counts of robbery in the second degree, and sentencing him as a second felony offender to concurrent terms of imprisonment

of 7½ to 15 years, 5 to 10 years, and 5 to 10 years, respectively, to be served concurrently with a 5 to 10 year term of imprisonment imposed on an unrelated conviction by simultaneous plea, unanimously affirmed.

Defendant was jointly charged and indicted with a co-defendant in connection with the October 23, 1988 robbery of a 16 year old high school student on a Manhattan street.

Defendant's claim of insufficient evidence to support his conviction of robbery in the first degree is clearly without merit. The complainant's testimony was that defendant and his co-defendant were walking together when they first approached him. They remained together, standing only inches away from the complainant, while the co-defendant demanded and received money from the complainant, and while the co-defendant demanded the complainant's watch. Then, although the complainant indicated that it was the co-defendant who actually grabbed the complainant in a choke hold and threatened to cut his throat with a pointed object if he didn't give up his watch, the complainant also testified that he observed both defendant and the co-defendant pursuing him as he attempted to flee, before his watch was taken. Additionally, it is noted that in accordance with the defense counsel's request, the trial court gave a full charge on "acting in concert", and included specific instructions regarding determination of culpability of each defendant, regarding each offense charged, and each element thereof.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference (People v Malizia, 62 NY2d 755, cert denied 469 US 932), the jury's determination of defendant's guilt of robbery in the first degree, based upon an acting in concert theory, was both amply supported by the evidence, and reasonable. Thus, such determination will not be disturbed by this Court (see, e.g., People v Thompson, 72 NY2d 410). Further, as the trial court's full charge on acting in concert conveyed the appropriate legal principles, and as no objection or exception was made by defense counsel following the court's compliance with a request for a supplemental, "clarifying" charge on the issue, defendant's claim on appeal that the charge was erroneous, must fail (see, e.g., People v Thomas, 50 NY2d 467).

Defendant's claim that the trial court should have, sua sponte, instructed the jury with the specific joint liability terminology contained in Penal Law § 20.15, i.e., that "each person is guilty of such degree [of an offense] as is compatible with his own culpable mental state and with his own account-

ability for an aggravating fact or circumstance", is unpreserved for appellate review by appropriate and timely objection (CPL 470.05), and unsupported by either statute or case law (see, CPL 300.10; see also, People v Mitchell, 77 NY2d 624).

Likewise without merit is defendant's claim that the trial court erred in denying defendant's motions for a mistrial and to preclude the complainant's testimony regarding a voice identification for which no CPL 710.30 notice was served upon defendant by the People. As this Court previously found in deciding the same issue on the co-defendant's appeal (People v Anthony, 172 AD2d 322), the trial court promptly curtailed the prosecutor's attempt to elicit testimony from the victim regarding his ability to identify defendant by his voice, although the record reveals that defense counsel was made aware, prior to trial, of the possible use of a voice identification in open court. Thus, the trial court did not abuse its discretion in denying defendant's motion for a mistrial based upon this issue (see, People v Ortiz, 54 NY2d 288, 292).

While it is acknowledged that defendant has adopted the appeal arguments of the co-defendant, insofar as applicable to defendant, this Court has previously determined such arguments to be meritless (see, People v Anthony, 172 AD2d 322, supra).

We have considered defendant's additional arguments on appeal and find them to be without merit. Concur—Murphy, P. J., Sullivan, Kassal and Smith, JJ.