■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS THOMAS, Appellant. [600 NYS2d 270] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered September 12, 1989, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his guilt of robbery in the first degree as charged in count one of the indictment beyond a reasonable doubt. The evidence adduced at trial established that the complainants, who were standing on a street corner near a telephone booth, observed the defendant, the codefendant, and an unapprehended third male walking together immediately prior to the incident in question. At the same time as the defendant and the third perpetrator were accosting one complainant on the corner, the codefendant took a gold chain from the other complainant's person at gunpoint. That complainant managed to break away from the codefendant, and fled, and all three perpetrators pursued him. Thereafter, as he entered a nearby police station, a gunshot was fired, whereupon the defendant and codefendant fled together from the scene. The defendant and codefendant were chased and apprehended by several police officers in different locations, both within several blocks of crime scene. Viewing the evidence adduced at trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree as an accomplice beyond a reasonable doubt (see, Penal Law §§ 20.00, 160.15 [4]; People v Brown, 147 AD2d 580; see also, People v Cradle, 176 AD2d 212, 213). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

With respect to the defendant's contention, including that contained in his supplemental pro se brief, that he was denied the effective assistance of counsel by the inadequacy of the defense counsel's challenge at the Wade hearing to the propriety of the showup identification, we are satisfied that the defense counsel provided meaningful representation to the defendant at the hearing (see, People v Baldi, 54 NY2d 137; see also, People v Peterkin, 75 NY2d 985).

The defendant's contention that the sentence was harsh or excessive is without merit (see, People v Suitte, 90 AD2d 80; People v Granger, 82 AD2d 643).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Sullivan, J. P., Lawrence, Eiber and Ritter, JJ., concur.