■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MALANGA, Appellant. [608 NYS2d 669] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered September 13, 1991, convicting him of criminal possession of a weapon in the third degree, menacing, and harassment, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the sentencing court properly accepted evidence of a Federal indictment for the purposes of determining whether the defendant could be sentenced as a second felony offender pursuant to Penal Law § 70.06 (1) (b) (i) *(see, People v Muniz,* 74 NY2d 464, 468; *People ex rel. Gold v Jackson,* 5 NY2d 243, 246; *People v Adams,* 164 AD2d 546; *People v Gonzalez,* 61 NY2d 586, 590-591). The Federal statute under which the defendant was convicted renders criminal several different acts, some of which would constitute felonies and others of which would constitute only misdemeanors if committed in New York. Consequently, the recitals in the accusatory instrument that describe the particular acts underlying the charge are necessary to the extent that they isolate and identify the statutory crime of which the defendant was accused *(see, People v Munoz, supra).*

The sentencing court properly determined that the elements set forth in the foreign indictment were applicable to the defendant's plea of guilty, and constituted a felony in New York State *(see,* Penal Law § 160.05). There was no evidence to controvert the evidence that the defendant pleaded guilty in Federal court to taking or attempting to take money by force, violence, and intimidation *(see,* 18 USC § 2113 [a]). Thus, the People sustained their burden of demonstrating that the type of crime for which the defendant was convicted constituted a felony in New York.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.