■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONROE TINDELL, Appellant. [614 NYS2d 548] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered August 25, 1992, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find that the defense counsel's strategy and tactics, which were partly successful in view of the defendant's acquittal of one of the two assault charges submitted to the jury, were diligently pursued and do not warrant reversal based on the defendant's claim of ineffective assistance of counsel (see generally, People v Baldi, 54 NY2d 137; People v Crandall, 172 AD2d 618).

We further find that the trial court's Sandoval ruling was proper (see, People v Reyes, 193 AD2d 767; People v Jay, 187 AD2d 454).

Moreover, the defendant's sentence was not excessive (see, People v Delgado, 80 NY2d 780; People v Suitte, 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either dehors the record or are without merit. Bracken, J. P., Altman, Krausman and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MERCEDITA VERA, Appellant. [614 NYS2d 547] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered February 1, 1993, convicting her of assault in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Mere eligibility for youthful offender status does not mandate youthful offender treatment, and the grant of such a benefit lies wholly within the discretion of the court (see, People v Barr, 168 AD2d 625; People v Williams, 124 AD2d 615). We find that the Supreme Court did not improvidently exercise its discretion in denying the defendant youthful offender status, despite her lack of a prior criminal record, where the crime she committed was premeditated, senseless and violent, and resulted in permanent injuries to the unresisting victim (see, e.g., People v Hopkins, 163 AD2d 416; People v Granger, 82 AD2d 643). Mangano, P. J., Bracken, Lawrence, Altman and Friedmann, JJ., concur.