■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRAD MCCASKELL, Appellant. [615 NYS2d 55] —Appeals by the defendant from two judgments of the Supreme Court, Queens County (Eng, J.), both rendered September 13, 1991, convicting him of murder in the second degree (two counts) under Indictment No. 539/90 and attempted murder in the second degree under Indictment No. 540/90, upon his pleas of guilty, and imposing sentences. The appeal brings up for review the denial, after a hearing (Lakritz, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony and statements made by him to the police.

Ordered that the judgments are affirmed.

At his plea allocution, the defendant related in detail how, accompanied by a codefendant, and with intent to kill, he had shot two homeless crack addicts in the head at close range with his .38 caliber pistol on the morning of January 18, 1990, as they sat in an abandoned van in a junk yard at 154th Street in Queens County. The defendant further admitted that on the evening of January 17, 1990, on 150th Street in Queens

County, with the intent to cause the death of Linda Wallace, he had shot Wallace in the stomach with his .38 caliber pistol from about four feet away.

The defendant did not effectively waive his right to appeal. Although he apparently signed a waiver form in open court at the conclusion of his plea allocution, the court made no record inquiry regarding whether the defendant understood the implications of the waiver, whether he knew that the waiver was part of the plea bargain, and whether he in fact voluntarily agreed to it (see, People v Callahan, 80 NY2d 273, 283; People v Ramos, 152 AD2d 209).

There is no merit to the defendant's contention that he was arrested without probable cause, so that the subsequently-acquired evidence against him should have been suppressed. The victim of the January 17th shooting, who knew the defendant as a neighborhood drug dealer from whom she had purchased narcotics in the past, gave a detailed description of him to the police, and further identified him as the younger brother of "Born" McCaskell, whose photograph she was shown in a photographic array (see, e.g., People v Anderson, 146 AD2d 638; People v Gonzalez, 138 AD2d 622). The court therefore properly determined that the defendant's arrest was amply supported by probable cause (see, People v Rodriguez, 168 AD2d 520, 521-522).

The court further properly exercised its discretion in denying the defendant's motion to withdraw his guilty pleas without a hearing, after assigning him new counsel and giving him a full opportunity to present his contentions (CPL 220.60 [3]; People v Mercedes, 171 AD2d 1044; People v Melendez, 135 AD2d 660; People v Stubbs, 110 AD2d 725; People v Grady, 110 AD2d 780). Mere conclusory allegations of innocence and coercion are insufficient to warrant a hearing where the record discloses that the defendant has freely and fully admitted the essential facts constituting the crimes (see, People v Price, 140 AD2d 927; People v Pettiford, 133 AD2d 856).

The defendant received the sentences that he bargained for (People v Kazepis, 101 AD2d 816), and the concurrent terms of imprisonment imposed are not excessive (see, People v Perez, 150 AD2d 395; People v Granger, 82 AD2d 643, 644). Sullivan, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.