■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN FERMIN, Appellant. [647 NYS2d 202] —Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), rendered August 21, 1992, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree and attempted robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously modified, on the law, to the extent of vacating the sentence and imposing a sentence of time served, and otherwise affirmed.

As the People concede, since the Florida burglary statute under which defendant was previously convicted (Fla Stat Annot § 810.02 [1]) proscribes the entering or remaining in a dwelling, a structure or a conveyance with the intent to commit an "offense" therein, the term "offense" meaning, among other things, a " 'noncriminal violation' * * * punishable * * * by no other penalty than a fine, forfeiture, or other civil penalty" (Fla Stat Annot § 775.08 [3]), it includes conduct that is not a felony under its closest New York felony analog (Penal Law § 140.20), which requires the intent to commit a "crime", defined in both New York and Florida as a felony or a misde-

meanor (Penal Law § 10.00 [6]; Fla Stat Annot § 775.08 [4]), and thus such prior conviction should not have been the basis for a predicate felon adjudication (*People v Muniz*, 74 NY2d 464). Concur—Sullivan, J. P., Milonas, Rubin, Williams and Mazzarelli, JJ.