■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH J. DEYO, Appellant. [673 NYS2d 619] —Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered June 14, 1996, convicting defendant upon his plea of guilty of the crimes of kidnapping in the second degree and rape in the first degree.

Pursuant to a plea agreement, defendant pleaded guilty to the crimes of kidnapping in the second degree and rape in the first degree of his estranged wife. Although defendant contends on appeal that his sentence of concurrent prison terms of 4 to 12 years was disproportionately harsh and should be reduced in the interest of justice, we cannot agree. Defendant derived a substantial benefit from the plea bargain in that his guilty plea was in full satisfaction of a nine-count indictment. Moreover, the sentence imposed was recommended by the People pursuant to the terms of the plea agreement and was less than the harshest sentence he could have received (see, Penal Law § 70.02 [3] [a]). These factors, together with the violent nature of defendant's crime and the lack of extraordinary circumstance warranting our intervention in the interest of justice, lead us to conclude that the sentence imposed by County Court should be left undisturbed (see, People v Russell, 249 AD2d 628; People v Granger, 82 AD2d 643).

Mercure, J. P., Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.