◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE ROWE, Appellant. [717 NYS2d 218] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Irizarry, J.), rendered April 20, 1998, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the record is insufficient to demonstrate that the defendant knowingly and voluntarily waived his right to appeal (see, People v DeSimone, 80 NY2d 273; People v Gladden, 267 AD2d 400; People v McCaskell, 206 AD2d 547).

The defendant's contention that he was denied effective assistance of counsel because he and his codefendant were jointly represented by the same attorney is unpreserved for appellate review since he never moved to withdraw his plea on that ground (see, People v Mackey, 77 NY2d 846; People v Mesquite, 234 AD2d 395). In any event, joint representation is not per se forbidden, and a plea of guilty will be vacated only where the defendant demonstrates that a "significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense" (People v Recupero, 73 NY2d 877, 879). The defendant failed to sustain this burden, and nothing in the record suggests that his plea was induced by any consideration other than his own best interests. Accordingly, there is no basis to vacate the defendant's plea (see, People v Recupero, supra; People v Fryar, 198 AD2d 298).

The enhanced sentence imposed due to the defendant's failure to comply with the conditions of the plea agreement was not unduly harsh or excessive (*see, People v Suitte,* 90 AD2d 80). Santucci, J. P., Sullivan, Altman and Krausman, JJ., concur.