■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY HUBBS, Appellant. [717 NYS2d 918] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered January 5, 2000, convicting him of burglary in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant contends that he was prejudiced by the testimony of one of the investigating detectives regarding a statement he made for which he did not receive notice pursuant to CPL 710.30. This contention is without merit since the trial court promptly struck the testimony (*see, People v Cradle,* 176 AD2d 212, 214). In any event, the defendant himself testified about the same statement during the defense case. Ritter, J. P., S. Miller, Luciano and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LILLIAN JACKSON, Appellant. [718 NYS2d 647] —Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered April 17, 2000, convicting her of attempted robbery in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.