■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL FERDINAND, Appellant. [733 NYS2d 885] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), rendered March 26, 1999, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant's conviction in Tennessee is sufficient to serve as a predicate felony in New York, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County shall file its report with all deliberate speed.

The defendant's status as a predicate felon was based upon his conviction of escape in Tennessee. To be used as a predicate for enhanced sentencing in New York, an out-of-state felony conviction must also be a felony in New York (*see, People v Sailor,* 65 NY2d 224, *cert denied* 474 US 982; *People v Gonzalez,* 61 NY2d 586). The Tennessee escape statute under which the defendant was convicted (*see,* Tenn Code Annot § 39-16-605) criminalizes a number of different acts. If committed in New York State, some of those acts would constitute felonies and others would constitute only misdemeanors (*see, People v Muniz,* 74 NY2d 464, 468; *People v Gonzalez, supra,* at 590-591; *People v Malanga,* 201 AD2d 742). The Supreme Court

did not specify which Penal Law section it found comparable to Tennessee's escape statute. Accordingly, the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant's escape conviction in Tennessee was based upon acts which constitute a felony in New York (*see, People v York,* 133 AD2d 130; *People v Scott,* 111 AD2d 45), and the appeal is held in abeyance in the interim.

We reach no other issue at this time. S. Miller, J. P., H. Miller, Schmidt and Cozier, JJ., concur.