(September 17, 2002)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAISA ZILBERMAN, Appellant. [747 NYS2d 202]

The pretrial and trial courts properly refused to compel the department store from which the item in question was stolen to comply with defense subpoenas purportedly seeking information relevant to the market value of the stolen property. The subpoenas issued were procedurally defective; they were overly broad and set improper return dates (*see Matter of Grand Jury Subpoenas*, 72 NY2d 307, 315-316, *cert denied* 488 US 966; *People v Gissendanner*, 48 NY2d 543, 547-551). Moreover, defendant never pursued the appropriate remedy for failure to comply with an attorney-issued subpoena, which is a contempt proceeding (CPLR 2308 [a]; Judiciary Law § 753 [A] [5]).

The fact that the stolen suit bore a $3,230 price tag, coupled with the totality of the testimony of the manager of the department where the suit had been offered for sale, warranted the conclusion that the market value of the suit exceeded the statutory threshold of $3,000 (*see People v Irrizari*, 5 NY2d 142; *People v Smith*, 275 AD2d 673, *lv denied* 95 NY2d 969).

The jury's rejection of defendant's affirmative defense of duress was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490). Defendant's testimony that she stole the suit under duress presented a credibility issue for the jury and there is no basis upon which to disturb its determination (*see People v Gaimari*, 176 NY 84, 94). Moreover, even accepting the truth of defendant's testimony, it did not establish the elements of a duress defense (*see* Penal Law § 40.00). Concur—Williams, P.J., Nardelli, Rosenberger, Marlow and Gonzalez, JJ.