■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR RICKETTS, Appellant. [831 NYS2d 395]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered November 12, 2004, convicting defendant, after a jury trial, of forgery in the second degree and grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant was not deprived of his constitutional rights to a

---

fair trial, to compulsory process and to confront witnesses and present a defense when the court refused to enforce or so-order a subpoena duces tecum seeking various financial, tax, and other documents from the defunct corporation that was the complainant in this embezzlement case. Defendant did not establish a "factual predicate which would make it reasonably likely that documentary information will bear relevant and exculpatory evidence." (*Matter of Constantine v Leto*, 157 AD2d 376, 378 [1990], *affd* 77 NY2d 975 [1991] [internal quotation marks omitted]; *see also People v Bagley*, 279 AD2d 426 [2001], *lv denied* 96 NY2d 711 [2001]; *Matter of County of Nassau Police Dept. v Judge*, 237 AD2d 354 [1997].) Furthermore, the subpoena was overbroad and unreasonably burdensome (*see People v Zilberman*, 297 AD2d 517 [2002], *lv denied* 99 NY2d 566 [2002]). In any event, any error in this regard was harmless. Defendant was convicted upon evidence susceptible to no reasonable explanation except that defendant used his employer's money to pay a personal credit card bill. Furthermore, even without the subpoenaed records, defendant had a full opportunity to explore the corporation's financial situation and pursue lines of defense relating thereto.

Defendant was properly sentenced as a second felony offender. In determining that defendant's federal conviction under 18 USC § 666 (a) (1) (A) was analogous to a New York felony conviction, we consider the accusatory instrument since the federal statute provides alternative means for committing the offense, which, if committed in New York, would not all be felonies (*see People v Muniz*, 74 NY2d 464 [1989]; *People v Gonzalez*, 61 NY2d 586 [1984]). In light of that accusatory instrument, we find that defendant's federal conviction constituted the equivalent of grand larceny in the third degree. Concur—Andrias, J.P., Saxe, Sullivan, Gonzalez and McGuire, JJ.