THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY GRIGG, Appellant. [900 NYS2d 399]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered September 12, 2007, convicting him of attempted rape in the first degree, upon his plea of guilty, and imposing sentence upon his adjudication as a predicate felon.

Ordered that the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant's conviction in the State of Florida is sufficient to qualify as a predicate felony in New York pursuant to Penal Law § 70.04 (1) (b) (i) or § 70.06 (1) (b) (i), and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, shall file its report with all deliberate speed.

Contrary to the People's contention, the record is insufficient to demonstrate that the defendant knowingly and voluntarily waived his right to appeal (*see People v DeSimone*, 80 NY2d 273, 283 [1992]; *People v Rowe*, 277 AD2d 403 [2000]; *People v Gladden*, 267 AD2d 400 [1999]; *People v McCaskell*, 206 AD2d 547, 548 [1994]).

Although the defendant's contention that his conviction of armed robbery in the State of Florida did not qualify as a predicate New York felony is unpreserved for appellate review (*see People v Samms*, 95 NY2d 52, 57 [2000]), we reach this issue in the exercise of our interest of justice jurisdiction. To be used as a predicate for enhanced sentencing in New York, an out-of-state felony conviction must also qualify as a felony or violent

felony in New York (*see* Penal Law § 70.04 [1] [b] [i]; § 70.06 [1] [b] [i]; *People v Gonzalez*, 61 NY2d 586, 588 [1984]; *People v Ferdinand*, 288 AD2d 486 [2001]). The Florida robbery statute under which the defendant was convicted (*see* Florida Stat Ann, tit 46, § 812.13) criminalizes several different acts, some of which, if committed in New York, would constitute a felony pursuant to Penal Law § 160.05, or a violent felony pursuant to Penal Law § 160.15, and some of which would not constitute a felony in New York. Under these circumstances, it would be appropriate to consider, inter alia, the Florida accusatory instrument to determine the particular act or acts underlying the defendant's conviction in that state to determine whether they are the equivalent of a New York felony or violent felony (*see People v Muniz*, 74 NY2d 464, 468 [1989]; *People v Gonzalez*, 61 NY2d 586, 590-591 [1984]; *People v Ricketts*, 38 AD3d 291, 292 [2007]; *People v Gillespie*, 35 AD3d 880, 881 [2006]; *People v Ferdinand*, 288 AD2d 486 [2001]; *People v Malanga*, 201 AD2d 742 [1994]). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant's armed robbery conviction in the State of Florida was based upon acts which would constitute a felony or a violent felony in New York, and the appeal must be held in abeyance in the interim. Skelos, J.P., Eng, Austin and Roman, JJ., concur.