■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL BOSTON, Appellant. [913 NYS2d 344]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered May 12, 2009, convicting him of robbery in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence upon his adjudication as a second felony offender.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender and the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant's conviction in 1995 for robbery in Florida is sufficient to serve as a predicate felony in New York and for resentencing thereafter.

The defendant's contention that his convictions of robbery and burglary in the State of Florida did not qualify as predicate felonies pursuant to Penal Law § 70.06 (1) (b) (i) is unpreserved for appellate review (*see People v Samms*, 95 NY2d 52, 57 [2000]). However, we reach the issue in the exercise of our interest of justice jurisdiction (*see People v Grigg*, 73 AD3d 806 [2010]; *People v Burgos*, 97 AD2d 826 [1983]; *People v Ostin*, 62 AD2d 1004 [1978]).

An out-of-state conviction will qualify as a predicate felony conviction for the purpose of enhanced sentencing pursuant to Penal Law § 70.06 where the elements of the out-of-state offense would constitute a felony in New York (*see* Penal Law § 70.06 [1] [b] [i]; *People v Muniz*, 74 NY2d 464, 467-468 [1989]; *People v Gonzalez*, 61 NY2d 586, 589 [1984]). "As a general rule, this inquiry is limited to a comparison of the [elements of the crimes] as they are respectively defined in the foreign and New York penal statutes" (*People v Muniz*, 74 NY2d at 467-468; *see People v Gonzalez*, 61 NY2d at 589; *People v Olah*, 300 NY 96, 98 [1949]). "The allegations contained in the accusatory instrument underlying the foreign conviction may ordinarily not be considered, because such instruments frequently contain nonessential recitals . . . that go beyond the statutorily required elements [and] are not necessary to the determination of guilt"

(*People v Muniz*, 74 NY2d at 468; *see People v Olah*, 300 NY at 99). However, "a sentencing court [may] go beyond the statute and scrutinize the accusatory instrument in the foreign jurisdiction where the statute renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors" (*People v Gonzalez*, 61 NY2d at 590; *see People ex rel. Goldman v Denno*, 9 NY2d 138 [1961]; *People ex rel. Gold v Jackson*, 5 NY2d 243, 245-246 [1959]).

The Florida burglary statute under which the defendant was convicted defined burglary as "entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain" (Fla Stat Ann § 810.02). In contrast, under New York law, "[a] person is guilty of burglary in the third degree when he [or she] knowingly enters or remains unlawfully in a building with intent to commit a crime therein" (Penal Law § 140.20). Since the term "offense" under Florida law includes "noncriminal violation[s]" (Fla Stat Ann § 775.08 [3]), some of which would not constitute a "[c]rime" in New York (Penal Law § 10.00 [6]), it is possible to violate the Florida burglary statute, i.e., by acting with the intent to commit an offense less egregious than a "crime" as defined by New York law, without possessing the necessary intent to commit a felonious burglary under New York law (*see People v Muniz*, 74 NY2d at 469; *People v Fermin*, 231 AD2d 436 [1996]). Furthermore, any consideration of the accusatory instrument would be inappropriate because this was not a situation in which the Florida offense "could be committed in several different, alternative ways, some of which would constitute felonies if committed in New York and others of which would constitute only misdemeanors" (*People v Muniz*, 74 NY2d at 470; *see People v Olah*, 300 NY at 99; *cf. People v Gonzalez*, 61 NY2d at 590-591; *People ex rel. Goldman v Denno*, 9 NY2d 138 [1961]; *People ex rel. Gold v Jackson*, 5 NY2d at 245-246). Accordingly, since there are differences in the intent elements of the respective definitions of burglary and since a consideration of the accusatory instrument is not proper, it was error to adjudicate the defendant a second felony offender on the basis of his Florida burglary conviction (*see People v Muniz*, 74 NY2d at 471; *People v Fermin*, 231 AD2d 436 [1996]).

However, "[t]he Florida robbery statute under which the defendant was convicted (*see* Florida Stat Ann, tit 46, § 812.13) criminalizes several different acts, some of which, if committed in New York, would constitute a felony . . . and some of which

would not constitute a felony in New York" (*People v Grigg*, 73 AD3d at 807). Accordingly, it would be appropriate to consider, inter alia, the Florida accusatory instrument to determine whether the particular act or acts underlying the defendant's robbery conviction to determine whether the commission of the act or acts would constitute a felony in New York (*see People v Muniz*, 74 NY2d at 468; *People v Grigg*, 73 AD3d 806 [2010]). Therefore, the matter must be remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendant's robbery conviction in the State of Florida was based upon acts which would constitute a felony in New York, and for resentencing thereafter. Dillon, J.P., Santucci and Dickerson, JJ., concur.

Chambers, J., separately concurs in the result on constraint of *People v Grigg* (73 AD3d 806 [2010]; *but see People v Fermin*, 231 AD2d 436 [1996]).