THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH JOHNSON, Appellant. [931 NYS2d 263]—

908

The defendant's contention that his conviction of unlawful possession of a firearm in the State of California (*see* Cal Penal Code § 12021 [a]) did not qualify as a predicate New York felony pursuant to Penal Law § 70.06 (1) (b) (i) is unpreserved for appellate review (*see People v Samms*, 95 NY2d 52, 57 [2000]). However, we reach the issue in the exercise of our interest of justice jurisdiction (*see People v Casey*, 82 AD3d 1005 [2011]; *People v Horvath*, 81 AD3d 850 [2011]; *People v Boston*, 79 AD3d 1140 [2010]).

As the People correctly concede on appeal, the California penal statute under which the defendant was convicted renders criminal not one act but several acts, only some of which, if committed in New York, would constitute a felony (*see People v Gonzalez*, 61 NY2d 586, 590-591 [1984]; *People v Boston*, 79 AD3d 1140 [2010]; *People v Grigg*, 73 AD3d 806 [2010]). Accordingly, it would be proper to consider, inter alia, the California accusatory instrument to determine whether the particular act or acts underlying the defendant's prior conviction would constitute a felony in New York (*see People v Boston*, 79 AD3d at 1141; *People v Grigg*, 73 AD3d at 807). Therefore, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the defendant's conviction in the State of California is sufficient to qualify as a predicate felony in New York, and for resentencing thereafter.

In light of our determination, we need not reach the defendant's remaining contention. Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.