■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMED AZEEZ, Appellant. [944 NYS2d 911]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Raciti, J.), imposed November 22, 2010, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Bradshaw*, 18 NY3d 257, 264-267 [2011]; *People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Hidalgo*, 91 NY2d 733, 735 [1998]; *People v Foy*, 89 AD3d 1103, 1103 [2011]; *People v Pertillar*, 37 AD3d 740 [2007]). Mastro, A.P.J., Angiolillo, Dickerson and Hall, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL BOSTON, Appellant. [944 NYS2d 898]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (Marrus, J.), imposed February 22, 2011, after a hearing, held upon remittitur from this Court (*see People v Boston*, 79 AD3d 1140 [2010]), upon his conviction of robbery in the third degree and criminal mischief in the fourth degree, upon a jury verdict.

Ordered that the resentence is affirmed.

In accordance with our direction on a prior appeal (*see People v Boston*, 79 AD3d 1140 [2010]), in determining whether the defendant's conviction in Florida for robbery constituted a felony under New York law, the Supreme Court properly considered the Florida accusatory instrument charging the defendant with robbery. Since the accusatory instrument alleged that the defendant intended to permanently deprive the complainant of certain property, the defendant's conviction in Florida for robbery constituted a felony under New York law and, thus, he was properly adjudicated a second felony offender (*see* Penal Law § 70.06 [1] [b] [i]). Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.