Appeal by the defendant from a judgment of the Supreme Court, Queens County (Camacho, J.), rendered July 22, 2011, convicting him of criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence upon his adjudication as a second felony offender.
Ordered that the judgment is modified, on the law, by vacating the defendant’s adjudication as a second felony offender and the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a hearing on the issue of whether the defendant’s 2003 conviction of criminal possession of a controlled substance in the third degree constitutes a predicate felony, and for resentencing thereafter in accordance herewith.
The defendant pleaded guilty to criminal possession of a forged instrument in the second degree and was sentenced to an agreed-upon term of imprisonment of two to four years, upon his adjudication as a second felony offender based on his 2003 conviction of criminal possession of a controlled substance in the third degree. At sentencing, the defendant placed on the record his contention that his 2003 conviction was not a valid predicate conviction since, in connection with that conviction, he was originally charged with committing a class A-I drug felony. The defendant argued that, according to the law as it existed in 2003, he could only plead guilty to the class B felony of criminal possession of a controlled substance in the third degree if he was also adjudicated a youthful offender, which did not happen. Defense counsel also informed the Supreme Court that the defendant was prosecuted on a superior court informa *486 tion with respect to the 2003 case. At the time of the defendant’s 2003 conviction, CPL 195.10 (1) (b) expressly prohibited waiver of indictment where the defendant had been charged with a class A felony (see People v Feliz, 66 AD3d 503, 503-504 [2009]).
Contrary to the People’s contention, the defendant did not waive his right to a hearing on the issue of whether he was properly adjudicated a second felony offender based on the 2003 conviction, as the defendant objected to the use of his 2003 conviction as a predicate felony at sentencing (cf People v Odom, 61 AD3d 896 [2009]; People v Cruz, 56 AD3d 570 [2008]). The sentencing minutes do not support the conclusion that the defendant intentionally relinquished his known right to a predicate felony hearing (see generally People v Harris, 61 NY2d 9, 17 [1983]).
Under the particular circumstances of this case, the Supreme Court erred in sentencing the defendant without conducting a hearing on the issue of whether the defendant’s 2003 conviction constitutes a predicate felony. Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a hearing on the issue of whether the defendant’s 2003 conviction constitutes a predicate felony, and for resentencing thereafter (see generally People v Johnson, 88 AD3d 907 [2011]; People v Grigg, 73 AD3d 806 [2010]). If, after the hearing, the defendant is found to be a second felony offender, the sentence of imprisonment of two to four years is to be reimposed. Eng, PJ., Rivera, Hall and Lott, JJ., concur.