People v Vasquez (2019 NY Slip Op 04970)





People v Vasquez


2019 NY Slip Op 04970


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-03906

[*1]The People of the State of New York, respondent,
v
Luis Vasquez, appellant. (S.C.I. No. 85/16)


Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Danielle M. O'Boyle of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gia Morris, J., at plea; Stephanie Zaro, J., at sentence), rendered March 8, 2016, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence upon his adjudication as a second felony offender.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
The defendant contends that his adjudication as a second felony offender was illegal because the predicate Florida offense was not a felony under New York law. Although the issue is unpreserved for appellate review (see CPL 470.05[2]; People v Smith, 73 NY2d 961, 962-963), we reach it in the exercise of our interest of justice jurisdiction (see People v Salako, 165 AD3d 846, 847; People v Rovinsky, 135 AD3d 969, 970; People v Durant, 121 AD3d 709, 710; People v Iliff, 96 AD3d 974, 975; People v Boston, 79 AD3d 1140, 1140).
"Penal Law § 70.06 requires the imposition of enhanced sentences for those found to be predicate felons" (People v Muniz, 74 NY2d 464, 467). An out-of-state felony conviction qualifies as a predicate felony under Penal Law § 70.06 only if it is for a crime whose elements are equivalent to those of a felony in New York (see People v Yusuf, 19 NY3d 314, 321; People v Muniz, 74 NY2d at 467; People v Boston, 79 AD3d 1140). Here, the defendant's Florida burglary conviction did not constitute a felony in New York for the purpose of enhanced sentencing and thus, the defendant should not have been adjudicated a second felony offender on the basis of that conviction (see People v Boston, 79 AD3d at 1141; see also Penal Law §§ 70.06[1][b][i], 140.20; Fla Stat Ann § 810.02; People v Muniz, 74 NY2d at 469).
In light of our determination, we need not reach the defendant's remaining contention.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court