■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SHARPE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered October 28, 1988, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The

appeal brings up for review the denial (Rotker, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence seized pursuant to a search warrant.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's challenge to the sufficiency of the affidavit submitted in support of the search warrant application is without merit. The police officer's affidavit alleged that the informant who supplied information to him had supplied accurate information in the past *(see, People v Rodriguez,* 52 NY2d 483; *People v Hendricks,* 25 NY2d 129). Furthermore, the affidavit recited that the informant had personally observed the facts which he or she related to the police and the facts were related in detail *(see, People v Elwell,* 50 NY2d 231; *People v Hanlon,* 36 NY2d 549). Thus, the affidavit satisfied the two-pronged *Aguilar-Spinelli* test *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108) in that it showed that the informant was reliable and that the informant had an adequate basis for the information he or she transmitted to the police *(see, People v Griminger,* 71 NY2d 635; *People v Cassella,* 143 AD2d 192). Because the defendant failed to controvert any of the facts alleged in the warrant application, the court did not err in denying his request for a hearing. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.