■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE BRUNSON, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J., at suppression hearing, plea and sentence), rendered June 13, 1989, convicting defendant of criminal possession of a weapon in the third degree and unlawful wearing of a body vest and sentencing him, as a second felony offender, to concurrent prison terms of from 2½ to 5 years and 2 to 4 years, respectively, unanimously affirmed.

At approximately 1:20 A.M. on October 27, 1987, Police Officers Nasta and Bosch and Police Lieutenant Sullivan, while on anticrime patrol in an unmarked car, drove past a double-parked car in front of a video game store. The locale was described as a "drug-prone" location. In order to further observe the car, Officer Nasta made a U-turn. Defendant then headed southbound on Eighth Avenue and made a right turn on 141st Street without signaling. At that point, Nasta stopped the car and approached defendant on the driver's side of the car. He requested defendant produce his license, registration and insurance card. Defendant admitted that the car did not belong to him and handed the officer his New Jersey driver's license and a lease. Nasta's suspicions were aroused by the fact that defendant looked different than the license photograph, and he requested that defendant step out of the car. As defendant stepped out of the car, Nasta observed a slight bulge in defendant's right waistband area. Nasta touched the bulge and ascertained that it was a gun. He removed a loaded nine millimeter automatic pistol. As Nasta handcuffed defendant, he noticed that defendant was wearing a bulletproof vest.

Contrary to defendant's contentions, the record supports the hearing court's finding that defendant's vehicle was stopped for a traffic infraction. *(People v Greene,* 135 AD2d 449.) The fact that Nasta initially suspected criminal behavior did not preclude him from stopping defendant's car for a legitimate reason. Furthermore, as defendant stepped out of the car,

Nasta was justified in touching the waistband bulge as a protective measure since waistband bulges are indicative of a weapon *(see, People v Howard,* 147 AD2d 177, 181, *appeal dismissed* 74 NY2d 943). Accordingly, the suppression court correctly held that the physical evidence was the product of legitimate police activity. In addition, defendant has failed to preserve his present contention that the People violated *Brady v Maryland* (373 US 83) by failing to furnish defendant's driver's license, and we decline to review in the interest of justice (CPL 470.05 [2]; *People v McKay,* 162 AD2d 146). Concur—Murphy, P. J., Kupferman, Ross and Ellerin, JJ.