■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ANDUJAR, Appellant.—Appeals by the defendant

from (1) a judgment of the Supreme Court, Queens County (Cohen, J.), rendered March 16, 1990, convicting him of attempted murder in the second degree, under Indictment No. 2719/89, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered March 16, 1990, revoking a sentence of probation previously imposed by the same court under Indictment No. 5298/84 upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of grand larceny in the second degree and unauthorized use of a vehicle in the third degree.

Ordered that the judgment and amended judgment are affirmed.

Contrary to the defendant's contentions, the Supreme Court properly concluded that the search warrant executed at the defendant's apartment was predicated upon probable cause (see, People v Bigelow, 66 NY2d 417; People v Elwell, 50 NY2d 231; People v Hanlon, 36 NY2d 549). Although the police initially focused their attention upon the defendant as a suspect after they had received an anonymous tip, the record reveals that before the warrant application was filed, the victim had identified the defendant as the perpetrator of the crime, and further, that the police had independently confirmed the address of the defendant's apartment. This information, together with the additional evidence contained in the warrant application, clearly provided probable cause for the issuance of the warrant (see, People v Sharpe, 157 AD2d 808). Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.