■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE J. CASSESE, Appellant. [871 NYS2d 350]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered February 8, 2007, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for resentencing in accordance herewith.

The County Court did not err in denying suppression of the physical evidence that the police seized when they searched the defendant's residence pursuant to a warrant based on probable cause (*see People v Corr,* 28 AD2d 574, 575 [2006]; *People v Andujar,* 187 AD2d 436, 437 [1992]; *People v Sharpe,* 157 AD2d 808, 809 [1990]).

However, the County Court erred in adjudicating the defendant a persistent violent felony offender pursuant to Penal Law § 70.08. It is apparent from the face of the record that the County Court lacked the authority to so adjudicate the defendant (*see People v Samms,* 95 NY2d 52, 57 [2000]; *People v Ramos,* 45 AD3d 702, 703 [2007]). Assuming that the information in the persistent violent felony offender statement dated December 21, 2006 was in a form admissible to discharge the People's burden of proof (*see* CPL 400.15; *compare People v Faust,* 235 AD2d 430, 431 [1997], *with People v Ortiz,* 23 AD3d 499, 500 [2005]), the sum of all of the incarceration periods set

forth in that statement do not amount to a sufficient tolling period so as to qualify the defendant's two 1976 convictions as predicate violent felony convictions under Penal Law § 70.04 (1) (b) (iv) and (v) (*see People v Santiago,* 28 AD3d 590, 590-591 [2006]; *People v Jones,* 16 AD3d 701 [2005]; *People v Stanley,* 12 AD3d 467 [2004]; *cf. People v Jones,* 277 AD2d 329, 330 [2000]; *People v Faust,* 235 AD2d 430, 431 [1997]). Furthermore, it is uncontested that the People withdrew their application as to the 1984 conviction for attempted robbery. Under the circumstances, the record does not establish that the defendant meets the definition of a persistent violent felony offender (*see* Penal Law § 70.08).

In light of the foregoing, the defendant's contention that his sentence was excessive is academic. The defendant's remaining contentions are without merit. Fisher, J.P., Florio, Carni and Chambers, JJ., concur.