THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONOVAN MAIS, Respondent. [897 NYS2d 716]—

Appeal by the People, as limited by their brief, from so much of an order of the County Court, Rockland County (Bartlett, J.), dated March 2, 2009, as, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and his statements to law enforcement officials.

Ordered that the order is modified, on the law and on the facts, (1) by deleting the provision thereof granting that branch of the defendant's omnibus motion which was to suppress the showup identification and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof granting that branch of the defendant's omnibus motion which was to suppress his statements to the police at the station house and substituting therefor a provision denying that branch of the motion, (3) by deleting the provision thereof, in effect, granting that branch of the defendant's motion which was to preclude the People from introducing evidence in their case-in-chief that the defendant told Police Officer Manzella that he did not come from a house and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from.

Contrary to the determination of the County Court, Police Officer Manzella, who had received a radio report of a burglary, possessed the requisite reasonable suspicion to stop and detain the defendant for a showup identification. "Where a police officer has reasonable suspicion that a particular person was involved in a felony or misdemeanor, the officer is authorized to forcibly stop and detain that person" (*People v Hollman*, 79 NY2d 181, 185 [1992]; *see* CPL 140.50 [3]; *People v Hicks*, 68 NY2d 234, 242 [1986]). Officer Manzella testified that he encountered the defendant two blocks from the location of the alleged burglary within an hour of its occurrence, and that the defendant matched the physical description given by the complainant with regard to the perpetrator's race, gender, height, build, and age. Accordingly, given the matching general description and the defendant's temporal and spacial proximity to the crime scene, a brief detention for a showup was permissible to confirm or dispel the suspicion that the defendant had committed the crime (*see People v Hines*, 46 AD3d 912, 913 [2007]; *People v Bennett*, 37 AD3d 483, 484 [2007]; *People v Quinones*, 45 AD3d 874, 874-875 [2007], *affd* 12 NY3d 116 [2009], *cert denied* 558 US —, 130 S Ct 104 [2009]; *People v Nicia*, 32 AD3d 543, 544 [2006]).

However, although the detention was justified, the subsequent frisk, which occurred before the showup was conducted, was not. At the hearing, Manzella failed to articulate any fact or circumstance which would support a reasonable suspicion that the defendant was armed (*see People v Stevenson*, 7 AD3d 820, 821 [2004]; *see also People v Batista*, 88 NY2d 650, 655 [1996]; *cf. People v Zingale*, 246 AD2d 613 [1998]). Notably, when Manzella was asked on cross-examination if he frisked the de-

fendant because he thought he was armed, Manzella replied, "I was not sure, but for my safety and everybody else he was frisked." Manzella offered no testimony that, for example, the defendant acted furtively (*see People v Dobson*, 41 AD3d 496 [2007]), that he reached toward his rear waistband (*see People v Doe*, 236 AD2d 621, 622 [1997]), or that he had a bulge under his clothing characteristic of a weapon (*see People v Henderson*, 26 AD3d 444, 446 [2006]), nor was there evidence that the alleged crime involved a weapon (*see People v Johnson*, 244 AD2d 573 [1997]). Accordingly, the small flashlight recovered from the defendant's pocket was properly suppressed. The People's alternative argument, that the flashlight inevitably would have been discovered through normal police procedures, is without merit, as the inevitable discovery doctrine does not apply to primary evidence (*see People v Stith*, 69 NY2d 313, 320 [1987]; *People v Lindsey*, 13 AD3d 651, 652 [2004]).

Next, we disagree with the County Court's finding that the showup identification was unduly suggestive. Although showup procedures are generally disfavored, they are permissible when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive (*see People v Berry*, 50 AD3d 1047, 1048 [2008]; *see also People v Brisco*, 99 NY2d 596, 597 [2003], *cert denied* 558 US —, 130 S Ct 739 [2009]). Here, the showup was spatially and temporally proximate to the commission of the crime, as it was conducted two blocks from the location of the alleged home invasion, within an hour after it was reported (*see People v Gonzalez*, 57 AD3d 560, 561 [2008]). Moreover, neither the conduct of the police, nor the illumination used to facilitate the identification, rendered the identification impermissibly suggestive (*see People v Duuvon*, 77 NY2d 541, 545 [1991]; *People v Guy*, 47 AD3d 643 [2008]; *People v Gonzalez*, 57 AD3d at 561; *see also People v Siler*, 45 AD3d 1403 [2007]). Accordingly, the showup identification should not have been suppressed.

The County Court also suppressed the defendant's statements to the detectives at the station house on the ground that these statements were not attenuated from the unlawful arrest. However, since Manzella's initial detention of the defendant was lawful, and since the complainant's positive identification of the defendant gave the police probable cause to arrest the defendant (*see* CPL 140.10 [1] [b]; *People v Mobley*, 58 AD3d 756, 756-757 [2009]), his subsequent statements to the police should not have been suppressed as the fruits of the poisonous tree (*see People v Fleury*, 8 AD3d 585, 587 [2004]; *see generally Wong Sun v United States*, 371 US 471 [1963]).

The County Court properly suppressed the sneakers and "do-rags" which were seized from the defendant's home, as the warrant did not authorize the seizure of those items (*see People v Baker*, 23 NY2d 307, 319-320 [1968]; *see also Marron v United States*, 275 US 192 [1927]). The plain view doctrine is not applicable since the incriminating character of those items was not immediately apparent (*see People v Brown*, 96 NY2d 80, 89 [2001]; *cf. People v Desmarat*, 38 AD3d 913, 915-916 [2007]; *People v Crawford*, 239 AD2d 515 [1997]).

Finally, the County Court should not have precluded the portion of the defendant's statement to Officer Manzella in which he denied coming from a house, since the notice provided pursuant to CPL 710.30 informed the defendant of the "sum and substance" of the conversation sought to be introduced at trial (*see People v Carter*, 44 AD3d 677, 678 [2007]; *People v Coleman*, 256 AD2d 473, 474 [1998]). Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.