THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARTESE DAVENPORT, Respondent. [939 NYS2d 473]—

At approximately 3:10 A.M. on September 7, 2009, police officers received a radio call that a male had been shot at a specific location in Brooklyn. The police arrived at the scene less than one minute later. Although many people were in the area, the attention of one of the police officers was drawn to the defendant, who was within 15 feet of him, because the defendant was walking quickly towards him with his right hand on his

waistband, his head "on a swivel," his eyes "darting" around, and evincing a nervous appearance. Upon making eye contact with the police officer, who was wearing an "NYPD" jacket with a shield insignia over the left chest identifying him as a police officer, the defendant took a step backwards. The police officer put his hands on the defendant's chest and waistband and felt what he believed to be the handle of a firearm. At that point, the defendant said, "It's not me. I don't have anything on me." The police officer placed the defendant against a building and recovered a loaded firearm from the defendant's waistband.

After a suppression hearing, the Supreme Court granted the defendant's motion to suppress the physical evidence and his statement, finding that the police officer lacked reasonable suspicion to stop and frisk the defendant. The People appeal. We reverse.

"Where a police officer has reasonable suspicion that a particular person was involved in a felony or misdemeanor, the officer is authorized to forcibly stop and detain that person" (*People v Hollman*, 79 NY2d 181, 185 [1992]). As the Court of Appeals held in *People v Martinez* (80 NY2d 444, 447 [1992]), "the police may forcibly stop or pursue an individual if they have information which, although not yielding the probable cause necessary to justify an arrest, provides them with a reasonable suspicion that a crime has been, is being, or is about to be committed." "Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (*People v Cantor*, 36 NY2d 106, 112-113 [1975]; *see People v Martinez*, 80 NY2d at 448). "The requisite knowledge must be more than subjective; it should have at least some demonstrable roots. Mere 'hunch' or 'gut reaction' will not do" (*People v Sobotker*, 43 NY2d 559, 564 [1978]). "All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity," and that it be "based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion' " (*People v Ingle*, 36 NY2d 413, 420 [1975], quoting *Terry v Ohio*, 392 US 1, 21 [1968]). Additionally, in order to justify a frisk of a suspect's outer clothing, a police officer must have " 'knowledge of some fact or circumstance that supports a reasonable suspicion that the suspect is armed or poses a threat to safety' " (*People v Caicedo*, 69 AD3d 954, 954 [2010], quoting *People v Batista*, 88 NY2d 650, 654 [1996]; *see People v De Bour*, 40 NY2d 210, 223 [1976]; CPL 140.50 [1], [3]).

The facts adduced at the suppression hearing demonstrated

that there was a radio call that a man had just been shot in the relevant geographic area, and, upon arriving at that area less than one minute later, a police officer observed the defendant's nervous demeanor, hand positioned on his waistband, and his slow retreat from the police officer upon making eye contact with him. Additionally, the police officer was aware that the waistband is a "telltale hiding place for a gun" (*People v Montague*, 175 AD2d 54, 56 [1991]; *see People v Benjamin*, 51 NY2d 267, 271 [1980]). Considering the totality of the circumstances, there was reasonable suspicion to justify the limited intrusion which produced the loaded firearm (*see People v Benjamin*, 51 NY2d at 269-271; *see also People v Montague*, 175 AD2d at 56). A police officer need not "await the glint of steel before he can act to preserve his safety" (*People v Benjamin*, 51 NY2d at 271).

The Supreme Court did not address whether the defendant's statement made at the time of his arrest was lawfully obtained. However, the defendant's only basis for seeking suppression of this statement was that the statement was a product of an unlawful stop and frisk. Since this Court has determined that the stop and frisk were not unlawful, there is no basis to suppress his statement.

Accordingly, the order granting the defendant's motion must be reversed, the motion denied, and the matter remitted to the Supreme Court, Kings County, for further proceedings on the indictment. Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.