■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUDRY J. SHULER III, Appellant. [949 NYS2d 758]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered March 31, 2011, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hayes, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, the defendant's plea is vacated, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the County Court, Dutchess County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

In the early afternoon of April 8, 2010, police officers in Poughkeepsie responded to a report of an "active prostitution" involving two white people behind a certain building. When the police arrived at the scene, they found the defendant, a black man, using a screwdriver to pry the lock off of a bicycle. The defendant complied with an officer's order to put the screwdriver down, and, in response to the officer's question, said he was fixing the bicycle for a friend who lived in the building. He did not, however, know the friend's name. The police believed that the defendant had been trying to steal the bicycle, and they decided to search him for their own safety before investigating further. The defendant gave no indication that he intended to harm the officers, but he appeared nervous, was scanning the fence line, did not make eye contact with the officers and raised his hands only part way when the police ordered him to raise his hands above his head so as to permit them to frisk him. The police saw a bulge in the defendant's pocket that appeared to be a hard ball, and, upon removing it from the defendant's pocket,

found that it was a tightly wound bundle of 110 bags of crack cocaine.

A police officer may forcibly stop and detain a person when the officer reasonably suspects that that person has committed, is committing, or is about to commit a felony or misdemeanor (*see People v Benjamin*, 51 NY2d 267, 270 [1980]; *People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Davenport*, 92 AD3d 689, 690 [2012]; *People v Morales*, 58 AD3d 873, 874 [2009]; *People v Finlayson*, 76 AD2d 670, 676 [1980], *cert denied* 450 US 931 [1981]). Reasonable suspicion has been defined as "that quantum of knowledge sufficient to induce an ordinarily prudent and cautious person under the circumstances to believe criminal activity is at hand" (*People v Martinez*, 80 NY2d 444, 448 [1992] [internal quotation marks and brackets omitted]; *see People v Finlayson*, 76 AD2d at 676). Further, an officer who reasonably suspects that a detainee is armed may conduct a frisk or take other protective measures even in the absence of probable cause to arrest (*see Terry v Ohio*, 392 US 1, 29-30 [1968]; *People v Davis*, 64 NY2d 1143, 1144 [1985]; *People v De Bour*, 40 NY2d at 223). To conduct a frisk or pat down, in the absence of probable cause, however, "[t]he officer must have knowledge of some fact or circumstance that supports a reasonable suspicion that the suspect is armed or poses a threat to safety" (*People v Batista*, 88 NY2d 650, 654 [1996]; *see* CPL 140.50 [3]; *People v Davenport*, 92 AD3d at 690; *People v Caicedo*, 69 AD3d 954 [2010]; *People v Stevenson*, 7 AD3d 820, 821 [2004]; *People v Zingale*, 246 AD2d 613 [1998]; *see also Minnesota v Dickerson*, 508 US 366, 373 [1993]). Facts providing the police with reasonable suspicion justifying a forcible stop do not necessarily provide reasonable suspicion justifying a frisk (*see People v Russ*, 61 NY2d 693, 695 [1984]; *People v Mais*, 71 AD3d 1163 [2010]). Relevant considerations in the determination of whether there is reasonable suspicion that the suspect poses a danger include, among others, the substance and reliability of the report that brought the officers to the scene, the nature of the crime that the police are investigating, the suspect's behavior and the shape, size, and location of any bulges in the suspect's clothing (*see People v Holmes*, 81 NY2d 1056, 1058 [1993]; *People v Benjamin*, 51 NY2d at 271; *People v De Bour*, 40 NY2d at 221; *People v Davenport*, 92 AD3d at 691; *People v Sampson*, 68 AD3d 1455, 1457 [2009]; *People v Holmes*, 36 AD3d 714, 716 [2007]; *People v Williams*, 217 AD2d 1007 [1995]).

Here, the police reasonably suspected that the defendant was attempting to steal the bicycle, but there was no evidence that the defendant posed a threat to the officers. The police suspected

him of committing a nonviolent crime, he had immediately complied with their order to put down the screwdriver, he did not reach toward his pockets and the police did not believe that the bulge in his pocket was a gun or a knife. That a hard ball may be improvised as a weapon does not by itself justify a frisk. Moreover, that the police believed that the defendant may have intended to flee does not justify a frisk. Consequently, the police did not reasonably suspect that the defendant was armed or posed a threat to their safety. Because the police lacked the factual predicate necessary to frisk the defendant, the evidence seized as a result of that frisk should have been suppressed (*see People v Mais*, 71 AD3d at 1164-1165; *People v Peart*, 230 AD2d 922 [1996]), and the indictment dismissed.

The issue of whether the police had probable cause to arrest the defendant after observing his attempt to pry the lock off the bicycle has not been raised and is not before us. Balkin, J.P., Hall, Lott and Cohen, JJ., concur.