■ The People of the State of New York, Respondent, v Damon Mitchell, Appellant. [992 NYS2d 112]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.), rendered May 4, 2011, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements he made to law enforcement officials, identification testimony, and physical evidence.

Ordered that the judgment is affirmed.

The defendant was convicted of two separate robberies on Staten Island. The first occurred at a laundromat and the second took place two days later at a delicatessen. On appeal, the defendant contends, inter alia, that the police lacked reasonable suspicion to stop and detain him on the street, and therefore, the Supreme Court erred in denying his motion to suppress statements he made to law enforcement officials, identification testimony, and physical evidence recovered from his person. However, contrary to the defendant's contention, the evidence adduced at the hearing established that the police officers had reasonable suspicion to stop and detain him, and the suppres-

sion motion was properly denied on that ground (*see People v Brannon*, 16 NY3d 596, 601-602 [2011]; *People v De Bour*, 40 NY2d 210 [1976]; *People v Shuler*, 98 AD3d 695 [2012]; *People v Davenport*, 92 AD3d 689 [2012]).

The defendant's contention that the evidence was legally insufficient to support his convictions of robbery in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that, contrary to the defendant's contentions, it was legally sufficient to establish his identity as the person who committed each robbery and that the complainant in the delicatessen robbery suffered physical injury within the meaning of the Penal Law (*see* Penal Law §§ 10.00 [9]; 160.10 [2] [a]; *cf. People v Tejeda*, 78 NY2d 936 [1991]; *People v Maturevitz*, 149 AD2d 908, 909 [1989]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.

The defendant's contention concerning an alleged *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) is unpreserved for appellate review and, in any event, without merit.

The defendant received the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.