■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS SMITH, Appellant. [999 NYS2d 525]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered January 4, 2012, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of manslaughter in the first degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]; People v Hewitt, 82 AD3d 1119, 1121 [2011]; People v Warren, 50 AD3d 706 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), contrary to the defendant's contentions, we find that it was legally sufficient to establish the defendant's identity as one of the two gunmen who shot the victim (see People v Herb, 110 AD3d 829 [2013]; People v Mitchell, 120 AD3d 1265

[2014]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Mitchell*, 120 AD3d 1265 [2014]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Mitchell*, 120 AD3d at 1266). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contentions that the Supreme Court's evidentiary rulings, as well as its refusal to continue to wait for the appearance of one of the defense witnesses, deprived him of his constitutional rights to a fair trial, to present a defense, and to confront the witnesses against him, are unpreserved for appellate review and, in any event, are without merit.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.