THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS PRICE, Appellant. [4 NYS3d 924]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered November 13, 2009, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution failed to adduce legally sufficient evidence of his identity as the perpetrator of the crime is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Warren*, 50 AD3d 706, 707 [2008]; *People v McWilliams*, 7 AD3d 543 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that, contrary to the defendant's contention, the evidence was legally sufficient to establish his identity as the man who robbed the victim at gunpoint. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Mitchell*, 120 AD3d 1265 [2014]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Mitchell*, 120 AD3d at 1265). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.

The trial court admitted into evidence a photograph posted

on the defendant's web page approximately four months prior to the robbery, showing him holding a gun that was similar to the weapon used in the robbery. Contrary to the defendant's contention, the People laid a proper foundation for admission of the photograph, it was relevant to the issue of the defendant's identity as the gunman, and its probative value outweighed any prejudicial effect (*see People v Clemmons*, 83 AD3d 859 [2011]; *People v Alston*, 77 AD3d 762 [2010]; *People v Webb*, 60 AD3d 1291 [2009]). Chambers, J.P., Hall, Cohen and Miller, JJ., concur.