■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM BROWN, Appellant. [24 NYS3d 154]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Morgenstern, J.), rendered January 7, 2013, convicting him of attempted assault in the third degree, menacing in the third degree, and harassment in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the verdict is unsupported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), the evidence was legally sufficient to establish the defendant's guilt of attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the

verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

"The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions" (*People v Rivera*, 71 NY2d 705, 708 [1988]; *see* US Const Sixth Amend; NY Const, art I, § 6; *People v Fields*, 109 AD3d 553, 554 [2013]). Here, the defendant was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Fields*, 109 AD3d at 554). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The defendant's contention that the Supreme Court's evidentiary rulings deprived him of his right to present a defense is unpreserved for appellate review and, in any event, without merit (*see* CPL 470.05 [2]; *People v Smith*, 123 AD3d 1148, 1149 [2014]).

The defendant's remaining contention is without merit. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.