■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE GRAVES, Appellant. [37 NYS3d 131]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered December 19, 2013, convicting him of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence. "In light of the heightened dangers faced by investigating police officers during traffic stops, a police officer may, as a precautionary measure and without particularized suspicion, direct the occupants of a lawfully stopped vehicle to step out of the car" (*People v Garcia*, 20 NY3d 317, 321 [2012], citing *People v Robinson*, 74 NY2d 773, 775 [1989]; *see Michigan v Long*, 463 US 1032, 1047-1048 [1983]; *Pennsylvania*

v Mimms, 434 US 106 [1977]). However, a police officer's questions regarding whether an individual has a weapon is a common-law inquiry which must be supported by founded suspicion (see People v Garcia, 20 NY3d at 324; People v Brannon, 16 NY3d 596, 601-602 [2011]; People v De Bour, 40 NY2d 210, 225 [1976]; People v Cantor, 36 NY2d 106, 112-113 [1975]). In addition, a pat-down search of a suspect's outer clothing is reasonable and constitutionally permissible when an officer observes facts and circumstances that give rise to a reasonable suspicion that a person is armed or poses a threat to his or her safety (see People v Shuler, 98 AD3d 695, 696 [2012]; People v Davenport, 92 AD3d 689, 690 [2012]). Among the factors relevant to determining whether a pat-down search is justified are "the substance and reliability of the report that brought the officers to the scene, the nature of the crime that the police are investigating, the suspect's behavior and the shape, size, and location of any bulges in the suspect's clothing" (People v Shuler, 98 AD3d at 696).

Under the circumstances of this case, including, among other things, the time of night, the fact that the livery cab in which the defendant was a passenger was speeding, the neighborhood, the officer's observations of the defendant make what he interpreted as a furtive movement indicating that he was hiding something, the defendant's refusal to answer questions or look at the officer in comparison to the other passenger's animated responses, and the abnormal bulge in an unusual spot near the defendant's groin, the officer was justified in inquiring about the bulge and performing the minimally intrusive measure of touching the bulge to verify that it was, in fact, a gun and not, as the defendant stated, cash (see People v Holmes, 81 NY2d 1056, 1058 [1993]; People v De Bour, 40 NY2d at 221; People v Issac, 107 AD3d 1055, 1058 [2013]; People v Woonbong Chang, 275 AD2d 423, 424 [2000]; People v Moret, 240 AD2d 321, 321-322 [1997]; People v Brunson, 166 AD2d 204, 204 [1990]).

The defendant's contention that his conviction of aggravated assault in the State of Pennsylvania did not qualify as a predicate violent felony pursuant to Penal Law § 70.08 on the ground that the Pennsylvania statute prohibits both an attempt to commit an aggravated assault and a completed aggravated assault is without merit (see People v Muniz, 74 NY2d 464, 467 [1989]; People v Gonzalez, 61 NY2d 586, 588 [1984]; People v Horvath, 81 AD3d 850, 851 [2011]; People v Boston, 79 AD3d 1140 [2010]; People v Thomas, 71 AD3d 1061 [2010]). Since the Pennsylvania statute renders criminal not one act

but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors, the sentencing court was permitted to look "beyond the statute and scrutinize the accusatory instrument" (*People v Gonzalez*, 61 NY2d at 590; *see People ex rel. Goldman v Denno*, 9 NY2d 138 [1961]; *People ex rel. Gold v Jackson*, 5 NY2d 243, 245-246 [1959]; *People v Horvath*, 81 AD3d at 851). Here, the Pennsylvania accusatory instrument essentially tracked the language of the Pennsylvania aggravated assault statute (*see* 18 Pa Cons Stat Ann § 2702 [a] [3]), stating that the defendant "did attempt to cause or intentionally or knowingly cause bodily injury," and that the defendant punched a police officer in the face, causing swelling, and bit the police officer in the right and left hands, causing cuts to his hands. Thus, the accusatory instrument indicated that the defendant committed a completed aggravated assault, which, if committed in New York, would constitute a felony (*cf. People v Sair*, 173 AD2d 578, 579 [1991]). Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.