People v Mills (2018 NY Slip Op 05201)





People v Mills


2018 NY Slip Op 05201


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2014-07274
 (Ind. No. 1501/12)

[*1]The People of the State of New York, respondent,
v
Michael Mills, appellant.


Paul Skip Laisure, New York, NY (Benjamin S. Litman of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Matthew Luongo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered June 26, 2014, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the person who committed the robbery and that he caused physical injury to the complainant in the course of the commission of the robbery (see Penal Law §§ 10.00[9], 160.10[2][a]; People v Mitchell, 120 AD3d 1265, 1266). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court