People v Smith (2020 NY Slip Op 05782)





People v Smith


2020 NY Slip Op 05782


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-05713
 (Ind. No. 2481/15)

[*1]The People of the State of New York, respondent,
v
Jerome Smith, appellant.


Paul Skip Laisure, New York, NY (Alice B. Cullina of counsel), for respondent.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered March 28, 2017, convicting him of burglary in the first degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification evidence.
ORDERED that the judgment is modified, on the law, by (1) reducing the conviction of burglary in the first degree to burglary in the second degree, (2) reducing the conviction of robbery in the second degree to robbery in the third degree, (3) vacating the adjudication of the defendant as a persistent violent felony offender, and (4) vacating the sentences imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
The defendant was indicted for, inter alia, burglary in the first degree and robbery in the second degree in connection with an October 2015 incident in which an unarmed home invader ripped jewelry off of the complainant's neck and wrist and took a jewelry box, cash, and a debit card from the complainant's home, eventually escaping in a car. At a pre-trial Dunaway/Mapp/Huntley/Wade hearing, the defendant was initially represented by counsel, but thereafter informed the Supreme Court that he wished to proceed pro se. The court granted the defendant's application to represent himself at the continued hearing involving the show-up identification and independent source issues. After the continued hearing, the court denied those branches of the defendant's motion which were to suppress physical evidence and identification evidence. After a further colloquy prior to the start of the trial, the court again granted the defendant's application to represent himself at trial and sentencing. The jury convicted the defendant of burglary in the first degree, robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fourth degree, and he was sentenced as a persistent violent felony offender. The defendant appeals.
We agree with the Supreme Court's determination denying the defendant's July 1, 2016 pro se motion to dismiss the indictment on speedy trial grounds, as the defendant was then [*2]represented by assigned counsel who declined to adopt the pro se motion as her own (see People v Pitcher, 182 AD2d 878; People v Beames, 174 AD2d 775). Critically, then-assigned counsel stated that only 31 days of delay were chargeable to the People. We further agree with the court's determination to deny the defendant's February 2017 pro se speedy trial motion, because, although at that time, the defendant was proceeding pro se, the motion was not made on reasonable notice to the People (see CPL 210.45[1]; People v Alvarez, 46 AD3d 476; People v Goberdhan, 249 AD2d 324; People v Harvall, 196 AD2d 553) and because the total time chargeable to the People was less than the six-month time period provided by CPL 30.30(1)(a) (see People v Rosa, 171 AD3d 1099; People v Patel, 160 AD3d 530; People v Lewins, 151 AD3d 575).
Contrary to the defendant's contention, he knowingly waived his right to counsel. For a waiver of the right to counsel to be effective, "the trial court must be satisfied that it has been made competently, intelligently and voluntarily" (People v McIntyre, 36 NY2d 10, 17). The court must make a "searching inquiry" to ensure that a defendant is "aware of the dangers and disadvantages of proceeding without counsel" (People v Crampe, 17 NY3d 469, 481 [internal quotation marks omitted], cert. denied 565 US 1261; see also People v Cole, 120 AD3d 72, 74, lv denied 24 NY3d 1082). The inquiry is adequate if it "accomplish[es] the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer" (People v Arroyo, 98 NY2d 101, 104 [internal quotation marks omitted]).
Here, the colloquy by the Supreme Court was sufficient to ensure that the defendant was aware of the drawbacks of self-representation (see People v Morrow, 143 AD3d 919). The court questioned the defendant as to his education, occupation, legal knowledge and experience, and prior exposure to the criminal justice system (see People v Sutton, 161 AD3d 783). The court adequately informed the defendant of the risks inherent in proceeding pro se, drew the defendant's attention to the many challenges that he would face if he proceeded pro se, and apprised him of the benefits and the singular importance of representation by counsel in the adversarial system of adjudication (see People v Crampe, 17 NY3d at 482; People v Cucchiara, 174 AD3d 816; People v Wright, 152 AD3d 801). Moreover, the defendant had the benefit of standby counsel throughout the proceedings but steadfastly maintained his desire to proceed pro se, and objected to any attempts by the court to have counsel assist him (see People v Morrow, 143 AD3d at 919). Accordingly, the record demonstrates that the defendant made a knowing, voluntary, and intelligent decision to waive his right to counsel and to proceed pro se (see People v Providence, 2 NY3d 579; People v Cucchiara, 174 AD3d at 817; People v Sutton, 161 AD3d at 784).
The defendant contends that the evidence of "physical injury," an element of the crimes of burglary in the first degree and robbery in the second degree (Penal Law §§ 140.30, 160.10) was legally insufficient. "A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, 'there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt'" (People v Danielson, 9 NY3d 342, 349, quoting People v Acosta, 80 NY2d 665, 672 [internal quotation marks omitted]).
Here, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally insufficient to establish, beyond a reasonable doubt, that the complainant sustained a "physical injury" within the meaning of Penal Law § 10.00(9) (see generally People v Zalevsky, 82 AD3d 1136; People v Richmond, 36 AD3d 721). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00[9]). The complainant stated that her injuries consisted of a laceration on her neck from the defendant pulling off her necklace and scratches on her wrist from the defendant pulling off her bracelets. She did not go to the hospital and testified that her neck was sore and her wrist felt a little sore and afterwards she had pain in her neck and wrist, although she did not specify when the pain began or as to its duration. The officer who responded to the scene testified that the complainant had a scratch on her neck. Under these circumstances, there was insufficient evidence from which a jury could infer that the complainant suffered substantial pain or impairment of her physical condition (see Matter of Philip A., 49 NY2d 198; People v Stokes, 140 AD3d 800; People v Boney, 119 AD3d [*3]701; People v Taylor, 83 AD3d 1105). Accordingly, the defendant's convictions of burglary in the first degree and robbery in the second degree should be reduced to burglary in the second degree and robbery in the third degree, respectively, which lesser crimes were proven at trial (Penal Law §§ 140.25[2]; 160.05; see People v Cicciari, 90 AD2d 853).
We agree with the Supreme Court's determination to deny the suppression of the items recovered from the defendant's vehicle, as they were observed by the police officer in plain view on the backseat and floor of the vehicle (see People v Pleasant, 146 AD3d 985; People v Chertok, 303 AD2d 519). Additionally, contrary to the defendant's contention, the complainant and an eyewitness identified the defendant in a non-suggestive setting. Although the complainant initially identified the perpetrator from a public benefits card shown to her by the police, she testified that she saw the defendant face-to-face during daylight hours for about 15 minutes while the defendant burglarized her home and stole her property. Moreover, the eyewitness, who was brought to the showup location, testified to seeing the defendant outside of the complainant's home and leaving the complainant's home carrying something and getting into his vehicle. The complainant and the eyewitness' observations of the defendant gave them an independent source for identifying the defendant as the perpetrator (see People v Hosannah, 178 AD3d 1074; People v Currie, 117 AD3d 1074). Accordingly, we agree with the court's determination to deny suppression of the identification evidence.
Contrary to the People's contention, the defendant preserved his claim that he was improperly frisked (see CPL 470.05[2]), and we find that this claim has merit. There was no evidence presented that the officer who stopped the defendant and frisked him had knowledge of some fact or circumstance that supported a reasonable suspicion that the defendant was armed or posed a threat to the officer's safety (see People v Shuler, 98 AD3d 695). While the police received a report of a nearby burglary and the defendant matched the description of the perpetrator, there was no evidence that the alleged crime involved a weapon and the perpetrator was armed, and the defendant cooperated when asked to step out of his vehicle (see People v Mais, 71 AD3d 1163). Moreover, even assuming that the frisk was justified, the search of the defendant's pocket was not, inasmuch as the police officer did not testify that he suspected that the little bulge or hard object that he felt in the defendant's pocket was a weapon (see People v Shuler, 98 AD3d at 697; People v Mais, 71 AD3d at 1165). Since the police lacked the factual predicate necessary to frisk the defendant, the jewelry and the cash seized as a result of that frisk should have been suppressed (see People v Shuler, 98 AD3d at 697). Nevertheless, the erroneous admission of the jewelry and cash into evidence was harmless beyond a reasonable doubt, as the evidence of the defendant's guilt was overwhelming, and there was no reasonable possibility that the error might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230; People v Thomas, 131 AD3d 712; People v Thigpen, 234 AD2d 486).
The defendant's contention that the prosecutor's improper remarks during her opening statement and summation deprived him of a fair trial is only partially preserved for appellate review (see CPL 470.05[2]; People v Escamilla, 168 AD3d 758). In any event, his contention is without merit since his objections to some of the challenged remarks were sustained, or the challenged remarks were fair comment on the evidence and the inferences to be drawn therefrom, or not so egregious as to have deprived the defendant of a fair trial (see People v Grace, 179 AD3d 1092, 1093; People v Lopez, 150 AD3d 1266; People v Hatcher, 130 AD3d 648; People v Gonzalez, 83 AD3d 1093; cf. People v Dawson, 178 AD3d 719).
The defendant waived the rights secured to him under CPL 270.15(2) by failing to timely object to the Supreme Court allowing the People to peremptorily challenge a prospective juror after the defendant had indicated his satisfaction with the panel (see People v Mancuso, 22 NY2d 679; People v Ames, 96 AD3d 867, 868; People v Eley, 35 AD3d 498).
The Supreme Court erred in adjudicating the defendant a persistent violent felony offender pursuant to Penal Law § 70.08 (see People v Cassese, 58 AD3d 639). As conceded by the People, they failed to establish that the 10-year period between the sentence imposed for a prior felony in May 1992 and the commission of the present felony in October 2015 was sufficiently tolled [*4](see id. at 639-640; People v Ortiz, 23 AD3d 499). Accordingly, we remit this matter to the Supreme Court, Queens County, for resentencing in accordance herewith.
In light of the foregoing, the defendant's contention that the sentence imposed was excessive is academic.
SCHEINKMAN, P.J., AUSTIN, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court