People v Wahhab (2022 NY Slip Op 06272)

People v Wahhab

2022 NY Slip Op 06272

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-04826
 (Ind. No. 1763/10)

[*1]The People of the State of New York, respondent,
v
Sadiq Abdul Wahhab, appellant.

Alan Katz, Garden City Park, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Monica M.C. Leiter and David L. Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Nassau County (Angelo A. Delligatti, J), imposed June 14, 2021, upon his convictions of robbery in the second degree (two counts), upon a jury verdict.
ORDERED that the resentence is affirmed.
In 2012, the defendant was convicted of two counts of robbery in the second degree. On April 19, 2012, the defendant was adjudicated a second felony offender based upon his prior conviction of the federal offense of bank robbery (see 18 USC § 2113[a]), and sentenced to concurrent determinate terms of imprisonment of 13 years, to be followed by a period of postrelease supervision of 5 years. In a postjudgment motion pursuant to CPL article 440, the defendant moved, inter alia, to set aside his sentence on the ground that his prior conviction of bank robbery was improperly used to adjudicate him a second felony offender. In an order entered January 8, 2020, the Supreme Court, among other things, set aside the defendant's sentence on the ground that the defendant's prior conviction of bank robbery did not qualify as a predicate felony, and directed that the defendant be resentenced.
In February 2021, the People filed a revised predicate felony statement, seeking to adjudicate the defendant a second felony offender based upon his 1998 conviction in Virginia for possession of cocaine with intent to distribute (see Virginia Code § 18.2-248[A]). The defendant opposed adjudication as a second felony offender, asserting that his prior conviction under Virginia Code § 18.2-248(A) did not qualify as a predicate felony because that statute could be violated by conduct not constituting a felony in New York. The Supreme Court determined that the defendant's prior conviction in Virginia constituted a predicate felony, adjudicated the defendant a second felony offender, and thereupon resentenced the defendant to concurrent determinate terms of imprisonment of 13 years, to be followed by a period of postrelease supervision of 5 years. The defendant appeals.
"An out-of-state felony conviction qualifies as a predicate felony under Penal Law § 70.06 only if it is for a crime whose elements are equivalent to those of a felony in New York" (People v Vasquez, 173 AD3d 1073, 1074; see People v Yusuf, 19 NY3d 314, 321; People v Muniz, 74 NY2d 464, 467; People v Boston, 79 AD3d 1140). "As a general rule, this inquiry is limited to [*2]a comparison of the crimes' elements as they are respectively defined in the foreign and New York penal statutes" (People v Muniz, 74 NY2d at 467-468; see People v Jurgins, 26 NY3d 607, 613). "However, 'a sentencing court [may] go beyond the statute and scrutinize the accusatory instrument in the foreign jurisdiction where the statute renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors'" (People v Boston, 79 AD3d at 1141, quoting People v Gonzalez, 61 NY2d 586, 590; see People v Jurgins, 26 NY3d at 613; People v Graves, 142 AD3d 559, 560-561).
Contrary to the defendant's contention, his prior conviction for possession of cocaine with intent to distribute pursuant to Virginia Code § 18.2-248(A) constituted a predicate felony conviction. Since the Virginia statute "renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors, the sentencing court was permitted to look 'beyond the statute and scrutinize the accusatory instrument'" (People v Graves, 142 AD3d at 560-561, quoting People v Gonzalez, 61 NY2d at 590). Here, the Virginia accusatory instrument stated that the defendant "did possess cocaine, a Schedule II controlled substance, with intent to distribute." Thus, the accusatory instrument indicated that the defendant committed acts, which, if committed in New York, would constitute the felony of criminal possession of a controlled substance in the third degree pursuant to New York Penal Law § 220.16(1) (see People v Smalls, 293 AD2d 500). Accordingly, the Supreme Court properly adjudicated the defendant a second felony offender.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court