OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is modified, on the facts, by vacating the conviction of attempted endangering the welfare of a child and dismissing the count of the accusatory instrument charging that offense; as so modified, the judgment of conviction is affirmed.
Defendant was initially charged in a misdemeanor complaint dated August 5, 2012, with assault in the third degree (Penal Law § 120.00 [1]), criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), menacing in the third degree (Penal Law § 120.15), and harassment in the second degree (Penal Law § 240.26 [1]). Defendant was arraigned on August 5, 2012. A superseding accusatory instrument dated August 13, 2012, added the charge of endangering the welfare of a child (Penal Law § 260.10 [1]). Thereafter, the Criminal Court, on consent of the People, reduced the charges of assault in the third degree, criminal obstruction of breathing and blood circulation, and endangering the welfare of a child to attempts to commit those three crimes. The court subsequently dismissed the charge of attempted criminal obstruction of breathing and blood circulation, also on consent of the People.
At a nonjury trial, the People elicited evidence that the complainant and defendant were married and, although estranged, they lived in the same apartment with their seven-year-old daughter. On the evening of August 4, 2012, the complainant allowed her daughter to play in a park near her *53 Brooklyn apartment building. The complainant asked a friend to watch her daughter while the complainant spoke to her boyfriend, who had arrived at the location in his car. Shortly thereafter, defendant went into the park, took his daughter, and walked toward the building. According to the complainant, her daughter did not want to go into the building. An argument ensued between defendant and the complainant. The complainant testified that while both she and defendant had been holding onto their daughter, defendant shoved the complainant. Defendant’s hand hit the complainant’s neck, causing her to fall to the ground.
The complainant stated that she had sustained injuries, including a sprained ankle, and that she had then called the police. Her daughter had been present during the entire altercation. The complainant’s boyfriend presented testimony essentially corroborating the complainant’s testimony. However, the Criminal Court agreed to draw an adverse inference with regard to the boyfriend’s testimony because the People had failed to timely inform the defense that the boyfriend had an outstanding criminal charge pending against him.
Defendant and his daughter testified, among other things, that the complainant lost her balance and fell because she had been wearing four-inch high heels. Defendant also testified that the complainant had attempted to strike him, and that he had blocked her attempt to do so with his hand.
At the close of all of the evidence, defendant moved for a trial order of dismissal with respect to the attempted endangering the welfare of a child charge. He did not move to dismiss the charge of harassment in the second degree.
After trial, defendant was found guilty of attempted endangering the welfare of a child and harassment in the second degree. He was found not guilty of attempted assault in the third degree and menacing in the third degree. On appeal, defendant contends that the evidence was legally insufficient to establish his guilt and that the verdict of guilt was against the weight of the evidence. He argues that the evidence of attempted endangering the welfare of a child was insufficient because his daughter did not observe “serious domestic violence.” Defendant also contends that he was denied the effective assistance of counsel because his counsel had failed to move to dismiss the attempted endangering the welfare of a child charge on statutory speedy trial grounds.
As defendant only moved to dismiss the charge of attempted endangering the welfare of a child, defendant’s legal sufficiency *54 claim is unpreserved for appellate review with respect to the charge of harassment in the second degree (see CPL 470.05 [2]; People v Finch, 23 NY3d 408, 414-416 [2014]; People v Gray, 86 NY2d 10, 19 [1995]; People v Brown, 135 AD3d 870 [2016]; People v Ballard, 46 Misc 3d 145[A], 2015 NY Slip Op 50210[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Shannon, 42 Misc 3d 127[A], 2013 NY Slip Op 52144[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that defendant’s guilt of harassment in the second degree was supported by legally sufficient evidence (see People v Rodriguez, 17 NY3d 486, 489 [2011]; People v Mollaie, 81 AD3d 1448, 1449 [2011]; People v Smith, 47 Misc 3d 153[A], 2015 NY Slip Op 50816[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Shehabeldin, 39 Misc 3d 149[A], 2013 NY Slip Op 50942[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Williams, 38 Misc 3d 4, 9 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), this court accords great deference to the factfinder’s opportunity to view the witnesses, hear their testimony, and observe their demeanor. This court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony. We must then determine, based on the credible evidence, whether a different result would have been unreasonable (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Zephyrin, 52 AD3d 543 [2008]). Here, we find that the verdict of guilt of harassment in the second degree was not against the weight of the evidence.
Defendant, citing People v Johnson (95 NY2d 368, 372 [2000]), essentially claims that he was only found guilty of a single push of the complainant in the presence of their daughter, that such conduct does not rise to the level of a “significant” act of domestic violence witnessed by the child, and that only a significant act of domestic violence can support a conviction of attempted endangering the welfare of a child.
In Johnson (95 NY2d at 373), the Court of Appeals, citing to three Appellate Division cases, People v West (271 AD2d 806, 809 [2000]), People v Brooks (270 AD2d 206 [2000]) and People *55 v Parr (155 AD2d 945 [1989]), stated that those cases all held “that a defendant who performs a significant act of domestic violence against a mother in the presence of a child is guilty of endangering the welfare of that child.” The Court of Appeals has never specifically defined what a “significant act of domestic violence is” (see People v Heberle, 46 Misc 3d 1218[A], 2015 NY Slip Op 50112[U], *1 [Grim Ct, NY County 2015]).
In the case at bar, the duration of the incident appears to have been short, and it was a single act. There was no evidence of a history of domestic violence between the parties. The court dismissed the charge of attempted criminal obstruction of breathing and blood circulation and found defendant not guilty of attempted assault in the third degree and menacing in the third degree. Thus, while the evidence may have established that defendant pushed his wife to the ground, we find, under the totality of the circumstances presented, that the verdict of guilt of attempted endangering the welfare of a child was against the weight of the evidence.
In light of our determination, we need not reach defendant’s ineffective assistance of counsel claim, which only involves the conviction of attempted endangering the welfare of a child.
Accordingly, the judgment of conviction is modified by vacating the conviction of attempted endangering the welfare of a child and dismissing that count of the accusatory instrument.
Pesce, P.J., Weston and Aliotta, JJ., concur.