18-764
*United States v. McCourty*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of September, two thousand nineteen.

PRESENT:
              ROBERT A. KATZMANN,
                      *Chief Judge*,
              RICHARD C. WESLEY,
              JOSEPH F. BIANCO,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

              v.                                                  No. 18-764

PETER MCCOURTY,

                      *Defendant-Appellant*.

_____

| | |
|---|---|
| For Defendant-Appellant: | ALLEGRA GLASHAUSSER, Federal Defenders of New York, New York, NY. |
| For Appellee: | ELIZABETH MACCHIAVERNA, David C. James (on the brief), Assistant United States Attorneys, *for* Richard C. Donoghue, United |

States Attorney for the Eastern District of
New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Peter McCourty appeals from the March 16, 2018 judgment of conviction of the United States District Court for the Eastern District of New York (Matsumoto, *J.*) revoking his supervised release and sentencing him to 24 months' imprisonment. McCourty argues (1) that the district court abused its discretion by admitting hearsay evidence at his violation of supervised release ("VOSR") hearing and (2) that there was insufficient evidence to support the court's conclusion that he had violated the terms of his supervised release by committing three New York State misdemeanors: assault in the third degree, menacing in the third degree, and endangering the welfare of a child under the age of seventeen. All three charges arose from McCourty's February 11, 2017 arrest. According to McCourty's girlfriend, "K.B.," who made the 911 call that precipitated the arrest, McCourty punched her in the face, kicked and dragged her out of a car in which they were transporting their child, and continued to hit her in the street. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      **Admission of Hearsay**

McCourty first challenges the district court's admission of K.B.'s out-of-court statements to the arresting officer. The Government did not call K.B., and instead sought to admit her statements to an officer who responded to her 911 call, both through the officer's testimony and in

the Domestic Incident Report ("DIR") following the arrest. We agree with the district court that there was good cause to admit the statements.

When the Government requests admission of a hearsay statement at a VOSR hearing that does not fall within one of the established hearsay exceptions, Federal Rule of Criminal Procedure 32.1(b)(2)(C) and the Due Process Clause require "the court to determine whether good cause exists to deny the defendant the opportunity to confront the adverse witness." *United States v. Williams,* 443 F.3d 35, 45 (2d Cir. 2006); *see also Morrissey v. Brewer*, 408 U.S. 471, 489 (1972).[1] "In making that determination, the court must balance . . . the defendant's interest in confronting the declarant, against . . . the government's reasons for not producing the witness and the reliability of the proffered hearsay." *Williams*, 443 F.3d at 45. We review a district court's balancing of the Rule 32.1 factors for abuse of discretion. *Id.* at 46.

The Government had good reasons for relying on K.B.'s out-of-court statements. The Government demonstrated that it had made several attempts to contact K.B. It was only after multiple efforts—in person, by phone, by letter—that the Government was eventually able to reach her. She ultimately refused to cooperate. It was reasonable for the court to conclude that K.B. refused to testify because she "was reasonably in fear of . . . McCourty, given a long history of physical abuse by [McCourty] against" her. Appellant's App. at 160. There was ample evidence of this fear, including repeated reports of domestic violence spanning over a decade, her apparent pleas with the 911 operator on February 11 to send an officer to the scene quickly because McCourty was coming back towards her, and K.B.'s complaint to the police on February 15, 2017—four days after the February 11 incident—that McCourty was "outside her home and

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

harassing and calling her in violation of [an] order of protection," making her afraid to leave her home, Appellant's App. at 118.

The hearsay evidence was reliable. K.B.'s near-contemporaneous statements made to the 911 operator and then at the hospital are consistent with the statements at issue here.[2] Those statements are corroborated by McCourty and her child's statement to the arresting officer that McCourty punched her in the face, the arresting officer's description of K.B.'s injuries in the DIR, and by photographs that showed injuries consistent with K.B.'s account of what happened that night, including redness, swelling, and a laceration by her right eye. McCourty argues that K.B. had a motive to lie to law enforcement about the February 11 incident: she "may have been trying to retaliate against a partner with whom she had a dysfunctional relationship." Appellant's Br. at 21. Even if reasonable minds could disagree over K.B.'s motives for mentioning McCourty's criminal history to the 911 operator, her statement does not render the district court's decision to admit the hearsay testimony an abuse of discretion.

A criminal defendant always has a substantial interest in cross-examining those whose statements would be used to support his conviction. That interest, however, is somewhat diminished when the Government's case does not rest solely on otherwise inadmissible hearsay. As discussed above, K.B.'s statements in the 911 call, admitted as an excited utterance, statements to her doctor, admitted as statements made for medical diagnosis or treatment, and extensive evidence of her injuries all support the conviction. Moreover, the Government acted reasonably in not calling K.B. given that she at first avoided the Government's attempts to contact her and then ultimately refused to testify. *See United States v. Carthen*, 681 F.3d 94, 100 (2d Cir. 2012). Finally,

---

[2] These statements satisfied hearsay exceptions (excited utterances and statements made for medical diagnosis or treatment) and McCourty does not challenge their admission on appeal.

4

the hearsay evidence, as discussed *supra*, was reliable as a whole. The district court did not abuse its discretion in balancing the interests under Rule 32.1(b).

We have noted the "well recognized difficulty of securing cooperation of domestic violence victims and that [the] most common reason for dismissal of domestic violence crimes is non-cooperation of victims," and so have held that, as a general matter, there is good cause justifying the absence of a declarant when a defendant has a "history of violent conduct that makes reprisal against the declarant a possibility." *Carthen*, 681 F.3d at 101. That is the case here. The district court therefore did not abuse its discretion in admitting K.B.'s hearsay statements.

## II.    Sufficiency of the Evidence

McCourty next argues that the Government's evidence was insufficient to prove the New York state crimes of assault in the third degree, menacing in the third degree, and acting in a manner to injure a child less than 17 years of age. We review a district court's finding of a supervised release violation for abuse of discretion. *United States v. Spencer*, 640 F.3d 513, 520 (2d Cir. 2011).

### A.    Assault in the Third Degree

Under New York law, a person is guilty of third-degree assault "when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person." N.Y. Penal Law § 120.00(1). "Physical injury" is defined as "impairment of physical condition or substantial pain." N.Y. Penal Law § 10.00(9). The only question raised on appeal is whether McCourty caused "substantial pain." He did.

While "slight or trivial pain" is insufficient to meet the "substantial pain" threshold, the "[p]ain need not, however, be severe or intense to be substantial." *People v. Chiddick*, 8 N.Y.3d 445, 447 (2007). "Each case ultimately turns upon the facts unique thereto, with a variety of relevant factors, including, among others, the injury viewed objectively, the victim's subjective

5

description of the injury and her pain, and whether the victim sought medical treatment." *People v. Rivera*, 42 A.D.3d 587, 588 (3d Dep't 2007). Perhaps the most important factual aspect to support a finding of substantial pain is the injury the defendant inflicted, viewed objectively. *Chiddick*, 8 N.Y.3d at 447.

A punch to the face—even one—is "an experience that would normally be expected to bring with it more than a little pain." *Id*. Several repeated punches to the face and being forcibly removed from a car, viewed objectively, would cause substantial pain. Hospital records reflect that the victim had a facial contusion and swelling on the right side of her face, and the responding officer observed her injuries, which showed bruising on K.B.'s face. The district court did not err, much less abuse its discretion, in finding by a preponderance of the evidence that McCourty caused substantial pain.

### B.    Menacing in the Third Degree

Under New York law, a person is guilty of third-degree menacing "when, by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury." N.Y. Penal Law § 120.15. There must be "evidence of . . . threatening behavior before, after, or otherwise separate from the sudden attack" to support a guilty verdict of menacing in the third degree. *In re Shenay W.*, 68 A.D.3d 576, 576 (1st Dep't 2009). McCourty argues that there is no evidence "separate" from the assault that he threatened K.B. Appellant's Br. at 29. He is wrong.

The district court correctly found that kicking K.B. out of a car, getting out, and continuing to hit her constitutes threatening behavior "separate" from the "sudden attack" of the first punch that was thrown after McCourty and K.B. began to argue. Moreover, after the assault, K.B. called 911 and entreated the 911 operator to send an officer quickly because McCourty was returning to the scene. He was coming back toward her, which, in this case, constituted threatening behavior

6

given that McCourty had just punched her repeatedly, pushed her out of a car, and continued to hit her on the street. Again, the district did not err, much less abuse its discretion, in finding by a preponderance of the evidence that McCourty exhibited threatening behavior and K.B. was scared.

### C. Acting in Manner to Injure a Child Less than 17 Years of Age

Under New York law, a person is guilty of endangering the welfare of a child when, "[h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old." N.Y. Penal Law § 260.10(1). A defendant need not actually harm a child, "rather, a defendant must simply be aware that the conduct may likely result in harm to a child, whether directed at the child or not." *People v. Johnson*, 95 N.Y.2d 368, 372 (2000). McCourty argues that the February 11 incident "was not sufficiently serious to be endangering under New York law." Appellant's Br. at 29. Again, we disagree.

The New York Court of Appeals has recognized that "[t]he adverse effects of domestic violence on children have been well documented over the past two decades and have been recognized by all branches of our government in New York," and so held that a "defendant who performs a significant act of domestic violence against a mother in the presence of a child" may be found "guilty of endangering the welfare of that child," depending on the specific facts of that case. *Johnson*, 95 N.Y.2d at 373. Following that case, intermediate appellate courts have affirmed convictions when the defendant "repeatedly struck the victim directly in the presence of the child, who attempted to intervene on behalf of her mother," *People v. Powell*, 128 A.D.3d 1174, 1176 (3d Dep't 2015), and engaged in "a physical dispute in the presence of the children," and "refused to leave the premises and blocked the way so that the victim's sister could not leave with the children," *People v. Bray*, 46 A.D.3d 1232, 1233 (3d Dep't 2007). On the other hand, they have rejected convictions when the evidence established only "that defendant pushed his wife to the

7

ground" once in front of the child. *People v. Hosue*, 56 Misc. 3d 51, 55 (App Term, 2d Dep't, 11th & 13th Jud Dists 2017).

McCourty argues that his conduct was unlikely to endanger his child's welfare because his child told the arresting officer that "McCourty hit [K.B.] only once." Appellant's Br. at 20. That is not what the son said. The officer testified that the son "told [him] that they were in the car and that Mr. McCourty did punch his mom in the face." Appellant's App. at 72. But he did not say that McCourty hit his mother "only once." And other credible evidence indicated that McCourty not only punched K.B. in the face in the car, but also kicked her out of the car, and then continued to hit her outside, all in view of his thirteen-year-old son, in the middle of the night on the side of a highway. McCourty also notes that the arresting officer said the child appeared calm when interviewed. But the child need not actually suffer harm to support a conviction. *Johnson*, 95 N.Y.2d at 373.

The district court did not abuse its discretion in finding by a preponderance of the evidence that McCourty was aware that beating his child's mother in front of him would likely endanger his son's mental and moral welfare, and that the incident was therefore sufficiently serious to support the conviction.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

8